UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **CLARENCE EDWARD THOMAS** | **CIVIL ACTION NO. 25-1351-P** |
| **VERSUS** | **JUDGE HICKS** |
| **SGT. LYLES, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Clarence Edward Thomas ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on September 9, 2025. Plaintiff is incarcerated at the Bossier Maximum Security Facility in Plain Dealing, Louisiana. He names Sgt. Lyles and Deputy Johnson as defendants.

Plaintiff states that on July 30, 2025, he asked Deputy Johnson for toilet paper. He claims Deputy Johnson told him that she had to ask Sgt. Lyles. He claims Sgt. Lyles refused.

Plaintiff claims he had to hold his bowels longer than he should have because he was unable to wipe. He claims it was painful and stressful to hold his bowels and as a result his blood pressure was raised. He claims it was also very humiliating because he was in the cell with two other inmates.

Accordingly, Plaintiff seeks any relief to which he is entitled, monetary compensation, and the demotion of Sgt. Lyles.

## LAW AND ANALYSIS

Plaintiff claims he was denied toilet paper on July 30, 2025. He filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991). First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)). Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979. In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court defined as knowing of and disregarding an excessive risk to inmate health or safety. See id., 114 S. Ct. at 1979. However, mere

neglect and/or negligence do not constitute deliberate indifference.  See Fielder v. Bosshard, 590 F.2d 105, 107 (5th Cir. 1997).

Furthermore, this court should consider the duration and the totality of the specific circumstances that constituted the conditions of Plaintiff's confinement.  Palmer v. Johnson, 193 F.3d 346 (5th Cir. 1999).

After a thorough review of Plaintiff's complaint and amended complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding that the defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities.  See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324.

Plaintiff does not allege that he was denied anything close to the "minimal civilized measure of life's necessities." Id.  The denial of toilet paper for one day does not rise to the level of a constitutional violation.  See Thomas v. Owens, 345 Fed. Appx. 892 (5th Cir.2009) (unpublished)(Inmate's claim that he was denied toilet paper for two days held not to state an Eighth Amendment claim).

"The conditions described by plaintiff, while plainly nor comfortable or pleasant, do not rise to a level of seriousness to be considered a constitutional violation." Green v. Gusman, 15-1738, 2016WL3033541, (E.D. La.May 6, 2016).  The federal courts have long recognized that serving time in prison "is not a guarantee that one will be safe from life's occasional inconveniences." Id. (citing Holloway v. Gunnell, 685 F.2d 150, 156 (5th Cir. 1982)).  The courts have repeatedly held "that the Constitution does not mandate prisons with comfortable surroundings or commodious conditions." Id. Thus, Plaintiff's claim has failed to satisfy the components of an Eighth Amendment claim.

Accordingly, Plaintiff's complaint should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 20th day of January, 2026.

_____
Mark L. Hornsby
U.S. Magistrate Judge